UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOROTHY WILSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-117** |
| **STEVE DAILEY, ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to stay the case filed by defendants, Steve Dailey and David Williams. Plaintiff, Dorothy Wilson, opposes[2] the motion. For the following reasons, defendants' motion to stay is **GRANTED**.

*BACKGROUND*

Plaintiff alleges that on January 7, 2011, she opened her front door and saw multiple police cars situated around her yard.[3] Several police officers and a police dog exited the vehicles in pursuit of her son, who had also just pulled into her yard.[4] She alleges that without a warning from the police officers, the police dog jumped on her and bit her several times.[5] Following the incident, plaintiff was charged with resisting a police officer and simple assault.[6] The criminal charges are currently still pending.[7]

---

[1] R. Doc. No. 12.
[2] R. Doc. No. 14.
[3] R. Doc. No. 1.
[4] *Id.*
[5] *Id.*
[6] R. Doc. No. 12-1.
[7] *Id.*

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 asserting that defendants, under color of law, violated her Fourth Amendment right to be free from the use of excessive force. Plaintiff further asserts several tort claims under state law.  Defendants now move to stay all proceedings pending resolution of the criminal charges against plaintiff.

## *LAW & ANALYSIS*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the U.S. Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).  However, plaintiff is currently awaiting trial on the charges, and the Supreme Court has held that *Heck* does not bar "an action which would impugn *an anticipated future conviction*…." *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (emphasis in original).  Nevertheless, the Supreme Court made clear that it was not instructing federal courts to forge ahead with cases in which similar considerations exist. Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is

2

>       ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393-94 (citations omitted).

Based on the Supreme Court's instructions, in order to determine whether plaintiff's claims might be barred by *Heck*, this Court is required to conduct a fact-specific analysis to determine whether success on her excessive force claim would require negation of an element of the criminal offenses with which she is charged, or proof of a fact that is inherently inconsistent with a conviction on one of the underlying criminal charges. *See Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). In light of the pending charges of resisting a police officer and simple assault, a conviction on those charges might prohibit recovery with respect to plaintiff's excessive force claim since the conviction might imply that the use of force by the officers was reasonable under the circumstances. *See Caldwell v. Lambert*, 2010 WL 3036041, at *3 (W.D. La. Jun. 30, 2010); *see also Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (holding that *Heck* barred plaintiff's claim for excessive force "because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction.").

Furthermore, the precise facts underlying plaintiff's pending criminal charges have not been determined yet. At this point, it would be premature to determine whether or not plaintiff's claim is barred under *Heck*. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Accordingly, the Court finds that a stay in the proceedings is appropriate. *See id.* ("The court may-indeed should-stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the

two."); *Quinn v. Guerrero*, 2010 WL 412901, at *4 (E.D. Tex. Jan. 28, 2010) (ordering a stay of plaintiff's § 1983 claims because "[u]ntil the criminal matters are concluded…the Court cannot determine which claims-if any-are barred by *Heck*.").

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion to stay is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED**.  Either party may move to re-open the case within thirty (30) days of the final disposition of the criminal charges currently pending against plaintiff.

New Orleans, Louisiana, July 5, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**